1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WILLIAM S. OSWALD,

               Petitioner,

  vs.

R. GROUNDS, Warden,

               Respondent.
_____/

No. C 10-02089 PJH (PR)

**ORDER TO SHOW CAUSE**

      Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

      The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

<b>BACKGROUND</b>

      Petitioner was convicted of second degree murder in Los Angeles County Superior Court.  He was sentenced to prison for seventeen years to life.  This petition is directed to a denial of parole on June 5, 2008.  He claims to have exhausted these claims by way of state habeas petitions.

<b>DISCUSSION</b>

**A.     Standard of Review**

      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

1    heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

2    application for a federal writ of habeas corpus filed by a prisoner who is in state custody

3    pursuant to a judgment of a state court must "specify all the grounds for relief which are

4    available to the petitioner ... and shall set forth in summary form the facts supporting each

5    of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

6    foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

7    that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes

8    (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which

9    appear on their face to be legally insufficient are subject to summary dismissal." *Calderon*

10   *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

11   concurring).

12   **B.    Legal Claims**

13   As grounds for federal habeas relief, petitioner asserts that: (1) his rights were

14   violated by the Board's repeated denial of parole based on the facts of his offense and in

15   the face of extensive evidence of rehabilitation; and (2) there was not "some evidence" to

16   support the denial.

17   These claims are sufficient to require a response. *See Biggs v. Terhune*, 334 F.3d

18   910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging

19   characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895,

20   904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole

21   denial).

22                                              **CONCLUSION**

23   For the foregoing reasons and for good cause shown,

24   1. The clerk shall serve by certified mail a copy of this order and the petition and all

25   attachments thereto on respondent and respondent's attorney, the Attorney General of the

26   State of California. The clerk also shall serve a copy of this order on petitioner.

27   2. Respondent shall file with the court and serve on petitioner, within sixty days of

28   the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

**United States District Court**
For the Northern District of California

1   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

2   granted.  Respondent shall file with the answer and serve on petitioner a copy of all

3   portions of the state trial record that have been transcribed previously and that are relevant

4   to a determination of the issues presented by the petition.

5        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

6   the court and serving it on respondent within thirty days of his receipt of the answer.

7        3. Respondent may file a motion to dismiss on procedural grounds in lieu of an

8   answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

9   Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

10   and serve on respondent an opposition or statement of non-opposition within thirty days of

11   receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

12   within fifteen days of receipt of any opposition.

13        4. Petitioner is reminded that all communications with the court must be served on

14   respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

15   must keep the court informed of any change of address and must comply with the court's

16   orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

17   failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

18   *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

19        **IT IS SO ORDERED.**

20   Dated:  July 9, 2010.       _____

21                                PHYLLIS J. HAMILTON
                                 United States District Judge

22

23

24

25

26

27

28   P:\PRO-SE\PJH\HC.10\OSWALD2089.OSC.wpd

3