UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WILLIAM S. OSWALD,

    Petitioner,

vs.

R. GROUNDS, Warden,

    Respondent.
_____/

No. C 10-02089 PJH (PR)

**ORDER DENYING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254.

## BACKGROUND

Petitioner was convicted of second degree murder in Los Angeles County Superior Court. He was sentenced to prison for seventeen years to life. This petition is directed to a denial of parole on June 5, 2008.

## DISCUSSION

Petitioner raised two issues in his petition, that (1) his rights were violated by the Board's repeated denial of parole based on the facts of his offense and in the face of extensive evidence of rehabilitation; and (2) there was not "some evidence" to support the denial. The court issued an order to show cause, in response to which respondent has filed a motion to dismiss the petition as barred by the statute of limitations. Because recent Supreme Court and Ninth Circuit cases make clear that neither claim has any merit, the petition will be denied and the motion to dismiss denied as moot.

**I.   Merits**

Petitioner's first claim is a "*Biggs* claim," based on a Ninth Circuit case in which the court made reference in dictum to the possibility that "[a] continued reliance in the future on

an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, [would] run[] contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) *see also Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Irons v. Carey*, 505 F.3d 846, 853-54 (9th Cir. 2007).  The en banc court, however, subsequently rejected that possibility and overruled *Biggs*, *Sass*, and *Irons* to the extent they implied that such a claim would be viable. *Hayward v. Marshall,* 603 F.3d 546, 555 (9th Cir. 2010) (en banc).  Petitioner's first claim thus is without merit.

Petitioner's second issue is a contention that there was not some evidence to support the parole denial, which he claims was a violation of due process.  The United States Supreme Court has recently held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, No. 10-333, slip op. at 4-5 (January 24, 2011).  That is, there is no due process requirement that a parole denial be supported by "some evidence."  Petitioner's second issue therefore also is without merit.

## II. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The motion to dismiss (document number 4 on the docket) is **DENIED** as moot. A certificate of appealability is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\OSWALD2089.RUL.wpd

3